**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**COLETTE CYWES BENTLEY,**
*Individually and as Co-Trustee of the*
*Cywes Family Trust,*

           **Plaintiff,**                  **Civil Action 2:22-cv-4189**
                                      **Judge Edmund A. Sargus, Jr.**
      **v.**                        **Magistrate Judge Chelsey M. Vascura**

**ROBERT CYWES,**
*Individually and as Co-Trustee of the*
*Cywes Family Trust,*

           **Defendant.**


**OPINION AND ORDER**

    In this diversity action, Plaintiff Colette Cywes Bentley, individually and as co-trustee of the Cywes family trust, brings this action against Defendant Robert Cywes, Plaintiff's brother and co-trustee, alleging that Defendant breached his fiduciary duties with regard to the trust. This matter is before the Court on Plaintiff's Motion for Sanctions (ECF No. 43). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**.

**I.      BACKGROUND**

    On November 16, 2023, Plaintiff contacted the undersigned's chambers via email in accordance with the Preliminary Pretrial Order (ECF No. 10) to request an informal conference to resolve a discovery dispute. In response to Plaintiff's counsel's email, chambers staff requested that Plaintiff's counsel provide a brief summary of the discovery dispute and "copies

of any discovery requests/responses in dispute." Plaintiff's counsel responded via email on November 28, 2023, asserting that Defendant had failed to provide complete production of his electronic communications, and that even electronic documents that had been produced had not included related metadata. Plaintiff's counsel attached a deficiency letter sent to Defendant on September 1, 2023, but did not attach copies of the underlying discovery requests.

As it turned out, however, the Court did not need to engage with particular discovery requests, because during the informal conference on December 4, 2023, "[Defendant's] counsel represented that [Plaintiff] had not requested any documents that [Defendant] was unwilling to produce."[1] (Order Memorializing Dec. 4, 2023 Disc. Conference, ECF No. 36.) Given Defendant's agreement to produce the requested documents, the undersigned ordered Plaintiff to provide Defendant "with a list of particular documents for which [Plaintiff] has a good faith basis for requiring [Defendant] to produce metadata" and ordered Defendant "to produce any outstanding documents WITHIN 30 DAYS of the conference." (*Id.*) The undersigned further extended the discovery period to January 29, 2024, for the limited purpose of completing outstanding discovery. (*Id.*)

As instructed, on December 12, 2023, Plaintiff emailed Defendant with a list of 36 documents for which Plaintiff was seeking production in native form. (ECF No. 43-1, PAGEID #1463.) That same email also laid out eleven categories of documents "to be supplemented in Defendant's document production" "in follow up to the discovery conference with the court." (*Id.*) Those categories are not tied to any particular discovery requests, and several categories seek communications in which Defendant does not appear to have been involved (*e.g.*, "All of

---

[1] The Court's Order erroneously transposed the titles of Plaintiff and Defendant when memorializing the December 4, 2023 conference. The undersigned subsequently amended the Order *nunc pro tunc* to correct the error. (ECF No. 37.)

[Defendant's wife] Janae's texts (entire threads) and emails with Sidney and/or Marlene"). (*Id.*) The email also noted that Defendant's responses to Plaintiff's Second Requests for Production of Documents were overdue (*id.*), which suggests that the eleven document categories did not encompass documents responsive to Plaintiff's Second Requests for Production of Documents.

Defendant's counsel emailed Plaintiff's counsel on January 8, 2024, promising that production was forthcoming. (*Id.* at PAGEID #1463–64.) However, despite several follow up emails from Plaintiff's counsel, Defendant had produced no additional documents by January 30, 2024. That day, Plaintiff's counsel emailed the undersigned's chambers to notify the Court of Defendant's noncompliance. (ECF No. 46-1, PAGEID #1561–62.) Chambers staff responded to relay the undersigned's guidance that, since Defendant had already been ordered to produce the documents and metadata at issue, another Court conference was unnecessary, and that "if Defendant had not completed his production by 5:00pm on Friday, February 2, Plaintiff may move for sanctions under Federal Rule of Civil Procedure 37." (*Id.* at PAGEID #1561.)

Over January 31 and February 1, 2024, Defendant made a supplemental production. However, Plaintiff asserts the production remains deficient as it included only 21 of the requested 36 native files and did not include any documents responsive to the eleven categories outlined in Plaintiff's December 12, 2023 email. (Pl.'s Mot. 3, ECF No. 43.)

Plaintiff filed the present Motion for Sanctions on February 13, 2024. (ECF No. 43.) As sanctions, Plaintiff seeks entry of default judgment against Defendant and removal of Defendant as co-trustee of the Cywes family trust, or, alternatively, an order requiring Defendant to use a third-party vendor to collect discoverable documents. Plaintiff also seeks her reasonable expenses, including attorney's fees, caused by Defendant's failure to comply with the Court's order to produce documents. (*Id.*)

## II.    STANDARDS GOVERNING DISCOVERY SANCTIONS

"The Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys, and authorize federal courts to impose sanctions on those who fail to meet these obligations." *United States v. Quebe*, 321 F.R.D. 303, 310 (S.D. Ohio 2017) (quoting *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013)). "Under Fed. R. Civ. P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways . . . ." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990)). Possible sanctions include directing adverse inferences, prohibiting the disobedient party from introducing particular matters in evidence, striking pleadings, staying or dismissing the action, entry of default judgment, or holding the disobedient party in contempt. *See* Fed. R. Civ. P. 37(b)(2)(A).

Entry of default judgment as a discovery sanction "is a drastic step which should be resorted to only in the most extreme cases." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). When considering whether to enter default judgment, district courts are required to consider four factors: "(1) Did the party act in bad faith? (2) Was the opposing party prejudiced? (3) Did the court give adequate warning? and (4) Could less drastic sanctions have ensured compliance?" *Id.* (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (per curiam)).

## III.    ANALYSIS

### A.    Violations of the Court's Order

Plaintiff seeks sanctions under Rule 37(b)(2), which provides for sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Accordingly, before addressing appropriate sanctions, "the Court must first determine whether

[Defendant] complied with the Order" at issue. *Quebe*, 321 F.R.D. at 306. The Order

memorializing the December 4, 2023 discovery conference provides in pertinent part:

> [Plaintiff] requested the conference to address outstanding document production by [Defendant]. During the conference, [Defendant's] counsel represented that [Plaintiff] had not requested any documents that [Defendant] was unwilling to produce, with the possible exception of communications between [Defendant] and his wife, which may be subject to a spousal privilege. [Plaintiff] also requested that [Defendant] produce the metadata for all documents in [Defendant's] production.
>
> [Plaintiff's] Oral Motion to Compel is **GRANTED IN PART and DENIED IN PART**. [Plaintiff] is **ORDERED** to provide [Defendant] with a list of particular documents for which [Plaintiff] has a good faith basis for requiring [Defendant] to produce metadata, after which the parties are to meet and confer. [Defendant] is **ORDERED** to produce any outstanding documents **WITHIN 30 DAYS of the conference**, and if [Defendant] objected to producing any outstanding documents, the parties are to seek another informal conference with Court to resolve any claims of spousal privilege **WITHIN 14 DAYS of the conference**.

(ECF No. 36 at 1–2.) Notably, the Court did not describe or delineate the substance of the

documents that must be produced, because Plaintiff did not provide the Court with the relevant

discovery requests, and Defendant did not object[2] to producing documents responsive to those

discovery requests. Thus, in substance, this Order requires Defendant to produce two groups of

documents: (1) those documents that Defendant had already agreed to produce in response to

Plaintiff's existing document requests, and (2) native-format versions of already-produced

documents for which Plaintiff had a good-faith basis for requiring Defendant to produce

metadata. Over January 31 and February 1, 2024, Defendant produced a number of documents,

which comprised 21 of the requested 36 native format documents as well as "either duplicate

files, or new emails that were not previously produced despite being responsive to Plaintiff's

months-old discovery requests in the case." (Pl.'s Mot. 3, ECF No. 43.) Plaintiff further

---

[2] Although Defendant raised the possibility of objections based on spousal privilege at the December 4, 2023 conference, Defendant has not requested a subsequent conference to resolve spousal privilege objections, and Defendant has therefore forfeited any objections on those grounds.

5

represents that Defendant "did not produce ***any*** documents in response to the eleven outstanding categories of documents, nor did he provide any explanation for the deficiency." (*Id.*)

Indeed, as to the first group of documents, Plaintiff's Motion charges Defendant *not* with failing to produce documents responsive to her Rule 34 documents requests, but with failure to produce documents falling into the eleven categories that were enumerated in Plaintiff's counsel's email of December 12, 2023. Plaintiff goes so far as to assert that Defendant "had been ordered to produce various documents in 11 different categories." (Pl.'s Reply 2, ECF No. 46.) But Plaintiff's counsel's email does not have the force of a court order. And the Court is unable to determine whether production of those eleven categories of documents is required by the Order because, due to Plaintiff's failure to place her document requests in the record, the Court has no way of knowing whether these categories correspond to document requests propounded on Defendant prior to the December 4, 2023 conference. Importantly, Plaintiff concedes that Defendant made at least a partial production of documents "responsive to Plaintiff's months-old discovery requests," but provides no information as to the requests (if any) that remain outstanding. Plaintiff therefore has not demonstrated that Defendant violated the Court's Order with regard to Plaintiff's Rule 34 documents requests or the eleven categories of documents outlined in Plaintiff's counsel's email.

As to the second group of documents implicated by the Order, Plaintiff represents, and Defendant does not dispute, that Defendant produced only 21 of the requested 36 native-format documents. And although Defendant objected to the scope of Plaintiff's eleven categories of documents, Defendant did not object to the scope of the requested 36 native-format documents or suggest that they were not encompassed by the Order. Further, the undersigned agrees with Plaintiff that production of some of the same emails from other sources does not relieve

6

Defendant of his discovery obligations. Indeed, it is generally preferable to require production from parties before turning to other sources to avoid placing an undue burden on non-parties. *See*, *e.g.*, *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) ("Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor."). Accordingly, the undersigned concludes that Defendant violated the Order when he failed to produce the remaining 15 native-format documents.

## B. Appropriate Sanctions

The Court now turns to the appropriate sanctions for Defendant's failure to produce the remaining 15 native-format documents. Plaintiff seeks entry of default judgment against Defendant and removal of Defendant as co-trustee of the Cywes family trust, or, alternatively, an order requiring Defendant to use a third-party vendor to collect discoverable documents.

The undersigned does not find default judgment warranted under the relevant factors. *See Larson*, 930 F.3d at 769. Even if Defendant acted in bad faith in failing to produce the 15 native emails (factor 1), Defendant was not warned that default judgment may be imposed for failure to do so (factor 3). Moreover, Plaintiff concedes that lesser sanctions "that permit and require further discovery measures would possibly remedy [Defendant's] misconduct" (factor 4). (Pl.'s Reply 8, ECF No. 46.) Nor can the Court discern any prejudice that would befall Plaintiff if Defendant simply produced the remaining native emails at this time (factor 2). A brief extension of the case schedule may be necessary to allow for Defendant's supplemental production, but this case has not been pending so long that strict enforcement of the existing case schedule is necessary to prevent prejudice to Plaintiff. Accordingly, default judgment is not an appropriate sanction. Additionally, Plaintiff's arguments concerning removal of Defendant as trustee will be

better addressed as part of Plaintiff's separate pending Motion to Remove Robert Cywes as Trustee of the Cywes Family Trust (ECF No. 31).

Instead, the Court finds it appropriate to require Defendant to promptly produce the remaining 15 native emails. Defendant has demonstrated that he is capable of collecting and producing documents in native format by producing 21 of the requested 36 native emails; accordingly, the undersigned does not find it necessary to order a third-party vendor to collect the remaining 15 emails.

Plaintiff is also entitled to her reasonable expenses, including attorney's fees, caused by Defendant's failure to produce the 15 native emails. *See* Fed. R. Civ. P. 37(b)(2)(C). The undersigned finds it appropriate to award Plaintiff an amount equal to three hours of attorney's fees at her attorneys' hourly billing rate.

## IV.    DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 43) is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**. Defendant is **ORDERED** to produce the remaining 15 native emails **WITHIN THREE DAYS** of the date of this Opinion and Order. Defendant is further **ORDERED** to pay Plaintiff an amount equal to three hours of attorney's fees at her attorneys' hourly billing rate **WITHIN THIRTY DAYS** of the date of this Opinion and Order. Defendant is **ADVISED** that any further non-compliance with this Court's discovery orders may result in further sanctions, including entry of default judgment, under Federal Rule of Civil Procedure 37.

Should Plaintiff wish to continue pursuing sanctions regarding Defendant's failure to produce documents responsive to her Rule 34 requests for production of documents pending at the time of the December 4, 2023 conference, Plaintiff may file a properly supported motion to that effect **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order. Any subsequent

8

motion must (1) identify the Rule 34 requests that were pending at the time of the conference, (2) identify any documents that Defendant has since produced that are responsive to those requests, and (3) identify any documents responsive to those requests that have not yet been produced.

Finally, pursuant to the Court's March 27, 2024 Notation Order (ECF No. 50), dispositive motions are due **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE