UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COLETTE CYWES BENTLEY,**
*Individually and as Co-Trustee of the*
*Cywes Family Trust*,

    Plaintiff,        Civil Action 2:22-cv-4189
                   Judge Edmund A. Sargus, Jr.
  v.               Magistrate Judge Chelsey M. Vascura

**ROBERT CYWES,**
*Individually and as Co-Trustee of the*
*Cywes Family Trust*,

    Defendant.

**OPINION AND ORDER**

In this diversity action, Plaintiff Colette Cywes Bentley, individually and as co-trustee of the Cywes family trust, sues Defendant Robert Cywes, Plaintiff's brother and co-trustee, alleging that Defendant breached his fiduciary duties with regard to the trust. This matter is before the Court on Plaintiff's Supplemental Motion for Sanctions (ECF No. 63). For the reasons below, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART**.

        I.  BACKGROUND

During a telephonic discovery conference on December 4, 2023, the undersigned ordered Defendant to produce all outstanding documents responsive to Plaintiff's discovery requests pending as of that date. (*See* ECF No. 36.) Defendant did not object[1] at that time to the scope of

---

[1] Although Defendant raised the possibility of objections based on spousal privilege at the December 4, 2023 conference, Defendant has not requested a subsequent conference to resolve

those discovery requests and Defendant's counsel affirmatively stated during the conference that Plaintiff had not requested any documents that Defendant was unwilling to produce. (*Id.*) Although Defendant made a partial production over January 31 and February 1, 2024, Plaintiff asserts that many of the requested documents remain outstanding. Plaintiff filed a previous Motion for Sanctions on February 13, 2024; but as the discovery requests in question were never placed in the record, the Court could not determine whether Plaintiff's summarized categories of outstanding documents were encompassed by the discovery requests Plaintiff had served before December 4, 2023. The undersigned therefore denied that portion of Plaintiff's prior Motion for Sanctions without prejudice on April 11, 2025. (*See* ECF No. 51.)

Meanwhile, Defendant filed a Motion for Summary Judgment on January 26, 2024, well before the then-effective March 26, 2024 dispositive motions deadline.[2] (ECF No. 40.) In response, Plaintiff moved on February 15, 2024, to deny or defer Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d). (ECF No. 44.) Plaintiff's Rule 56(d) Motion argued that the facts she needed to oppose Defendant's Motion for Summary Judgment were unavailable to her owing to Defendant's failure to produce documents in accordance with the December 4, 2023 Order. (*Id.*) Plaintiff's Rule 56(d) Motion remains pending.

Despite the pendency of her Rule 56(d) Motion, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment on April 25, 2024. (ECF No. 62.) She also filed her own Motion for Partial Summary Judgment (ECF No. 55) and the present

---

spousal privilege objections, and Defendant has therefore forfeited any objections on those grounds.

[2] The dispositive motions deadline was later extended to April 25, 2024. (ECF No. 51.)

Supplemental Motion for Sanctions (ECF No. 63) that same day. As sanctions, Plaintiff seeks default judgment, Defendant's removal as trustee, and monetary sanctions. (Pl.'s Reply 12, ECF No. 72.) Plaintiff also asserts that her counsel has been forced to expend "dozens of hours" in enforcing Defendant's discovery obligations, and she seeks a hearing at which Plaintiff will present specific evidence of the fees she incurred. (*Id.*)

Defendant opposes any sanctions, characterizing Plaintiff's discovery requests as an overbroad fishing expedition, and asserting that Plaintiff has articulated no prejudice as a result of Defendant's failure to produce the documents in question. (Def.'s Mem. in Opp'n, ECF No. 70.)

## II. STANDARDS GOVERNING DISCOVERY SANCTIONS

"The Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys, and authorize federal courts to impose sanctions on those who fail to meet these obligations." *United States v. Quebe*, 321 F.R.D. 303, 310 (S.D. Ohio 2017) (quoting *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500–01 (N.D. Ohio 2013)). "Under Fed. R. Civ. P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways . . . ." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990)). Possible sanctions include directing adverse inferences, prohibiting the disobedient party from introducing particular matters in evidence, striking pleadings, staying or dismissing the action, entry of default judgment, or holding the disobedient party in contempt. *See* Fed. R. Civ. P. 37(b)(2)(A).

Entry of default judgment as a discovery sanction "is a drastic step which should be resorted to only in the most extreme cases." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). When considering whether to enter default judgment, district

3

courts are required to consider four factors: "(1) Did the party act in bad faith? (2) Was the opposing party prejudiced? (3) Did the court give adequate warning? and (4) Could less drastic sanctions have ensured compliance?" *Id.* (citing *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (per curiam)).

### III. ANALYSIS

#### A. Violations of the Court's Order

Plaintiff seeks sanctions under Rule 37(b)(2), which provides for sanctions against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Accordingly, before addressing appropriate sanctions, "the Court must first determine whether [Defendant] complied with the Order" at issue. *Quebe*, 321 F.R.D. at 306. The Order memorializing the December 4, 2023 discovery conference provides:

> [Plaintiff] requested the conference to address outstanding document production by [Defendant]. During the conference, [Defendant's] counsel represented that [Plaintiff] had not requested any documents that [Defendant] was unwilling to produce, with the possible exception of communications between [Defendant] and his wife, which may be subject to a spousal privilege. [Plaintiff] also requested that [Defendant] produce the metadata for all documents in [Defendant's] production.
>
> [Plaintiff's] Oral Motion to Compel is **GRANTED IN PART and DENIED IN PART**. [Plaintiff] is **ORDERED** to provide [Defendant] with a list of particular documents for which [Plaintiff] has a good faith basis for requiring [Defendant] to produce metadata, after which the parties are to meet and confer. [Defendant] is **ORDERED** to produce any outstanding documents **WITHIN 30 DAYS of the conference**, and if [Defendant] objected to producing any outstanding documents, the parties are to seek another informal conference with Court to resolve any claims of spousal privilege **WITHIN 14 DAYS of the conference**.

(ECF No. 36 at 1–2.) As relevant to Plaintiff's present motion, the Order requires Defendant to produce all outstanding documents responsive to Plaintiff's document requests that had been served as of December 4, 2023. Defendant agreed to produce these documents, stating during the conference that "[Plaintiff] had not requested any documents that [Defendant] was unwilling to produce . . . ." (*Id.*) Nor did Defendant object to the December 4, 2023 Order requiring this

4

production. This means that Defendant has forfeited any objections to the relevance, breadth, or proportionality of the requested documents. *See* Fed. R. Civ. P. 72(a) (requiring that objections to magistrate judge's orders be made within fourteen days and noting that "[a] party may not assign as error a defect in the order not timely objected to").

As to whether Defendant has made the required production, Plaintiff again relies on summarized categories of outstanding documents rather than connecting those documents to duly served Rule 34 document requests. (Pl.'s Mot. 8, ECF No. 63.) However, Plaintiff attached copies of her document requests to her Supplemental Motion for Sanctions, such that the Court is now able to determine whether the summarized categories correspond to Plaintiff's Rule 34 requests for production.

For the most part, they do. Most documents listed in Plaintiff's summarized categories are encompassed by Request No. 3, which seeks "all documents and correspondence concerning or relating to the Cywes Family USA Trust from January 1, 2011 to the present." (ECF No. 63-3 at 11.) Thus, Defendant violated the Court's December 4, 2023 Order when he failed to timely produce the following categories of documents responsive to Request No. 3:

- All of Defendant's correspondence with UBS regarding the Trust;

- All of the Trust's tax returns, as well as all communications with third parties re: the Trust's taxes (or an express representation that there are none to produce);

- All of Defendant's communications with Irene Wolfe mentioning or regarding the Trust; and

- All of Defendant's communications with Janae Cywes regarding the Trust, amendments to the Trust, any resignations or appointments of trustees, and transfers of money to or from the Trust.

Other categories are encompassed by other identified discovery requests, and thus Defendant also violated the Order when he failed to produce the following categories of documents:

- All of Defendant's communications with Sidney Cywes from cywes@icon.co.za and all of Defendant's texts (entire threads—not curated sections) and emails with Sidney Cywes are encompassed by Request for Production No. 11, seeking "all correspondence between [Defendant] and Sidney Cywes from January 1, 2011 to the present"; and

- Defendant's texts (entire threads—not curated sections) and emails with Sumarie Potgieter (formerly known as Sumarie Hopper) relating to certain topics are responsive to Request for Production No. 25, seeking "all [Defendant's] communications with Sumarie Potgieter (f/k/a Sumarie Hopper) relating to [Defendant's] parents' email accounts, the Cywes Family USA Trust or Plaintiff."[3]

Finally, Defendant does not dispute that he has not responded in any way to Plaintiff's Second Set of Requests for Production of Documents, which seek Defendant's estate planning documents, documents on which Defendant intends to rely in this case, and certain communications between Defendant and his wife, Janae Cywes. (ECF No. 63-4) These requests were pending as of December 4, 2023; Defendant therefore violated the Order when he failed to timely produce documents responsive to this set of requests.

However, Plaintiff's summarized categories also list documents that do not appear to have been requested under Rule 34, including communications between Janae Cywes and Sidney Cywes, and the "blue book" given to Defendant and referenced in Sumarie's February 23, 2023 text message. Defendant's failure to produce these documents therefore did not violate the Order.

**B.    Appropriate Sanctions**

The Court now turns to the appropriate sanctions for Defendant's failure to produce the documents in question. Plaintiff seeks entry of default judgment against Defendant and removal of Defendant as co-trustee of the Cywes family trust, as well as monetary sanctions including an award of attorney's fees.

---

[3] Note that Plaintiff's summarized category of "[a]ll of Robert's texts (entire threads—not curated sections) and emails with . . . Sumarie" is broader than Request No. 25, and Defendant did not violate the Order by failing to produce communications with Sumarie that do not relate to Request No. 25's enumerated topics.

The undersigned does not find default judgment warranted under the relevant factors. *See Larson*, 930 F.3d at 769. Even if Defendant acted in bad faith in failing to produce the documents (factor 1), Defendant was not warned until the undersigned's April 11, 2024 ruling on Plaintiff's first Motion for Sanctions that default judgment may be imposed for failure to do so (factor 3). (*See* ECF No. 51 at 8.) Moreover, Plaintiff's actions belie any assertion of significant prejudice (factor 2): After moving under Rule 56(d) to deny or defer resolution of Defendant's Motion for Summary Judgment because of Defendant's failure to produce requested documents, Plaintiff filed a memorandum in opposition to Defendant's Motion for Summary Judgment while her Rule 56(d) motion remained pending. If production of the documents was truly necessary for Plaintiff to respond to Defendant's summary judgment motion, then one would expect she would have awaited a ruling on her Rule 56(d) motion before responding. Finally, the undersigned finds that less drastic sanctions are likely to induce compliance, as discussed below (factor 4). Accordingly, default judgment is not an appropriate sanction. Additionally, Plaintiff's arguments concerning removal of Defendant as trustee will be better addressed as part of Plaintiff's separate pending Motion to Remove Robert Cywes as Trustee of the Cywes Family Trust (ECF No. 31).

Instead, the Court finds it appropriate to require Defendant to promptly produce the outstanding documents as enumerated above. Even if the documents were not necessary for Plaintiff to oppose summary judgment, they may still be relevant at trial if summary judgment is denied. Plaintiff is also entitled to her reasonable expenses, including attorney's fees, caused by Defendant's failure to produce the documents. *See* Fed. R. Civ. P. 37(b)(2)(C). The Court finds, however, that a hearing on the amount of attorney's fees incurred by Plaintiff's counsel would only exacerbate the unnecessary expenditure of time and resources on this discovery dispute. The

7

undersigned instead finds it appropriate to award Plaintiff an amount equal to 15 hours of attorney's fees at her attorneys' hourly billing rate.

## IV.     DISPOSITION

For these reasons, Plaintiff's Supplemental Motion for Sanctions (ECF No. 63) is **GRANTED IN PART and DENIED IN PART**. Defendant is **ORDERED** to produce the outstanding documents enumerated above **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order. Defendant is further **ORDERED** to pay Plaintiff an amount equal to 15 hours of attorney's fees at her attorneys' hourly billing rate **WITHIN THIRTY DAYS** of the date of this Opinion and Order. Defendant is **ADVISED** that any further non-compliance with this Court's discovery orders may result in further sanctions, including entry of default judgment, under Federal Rule of Civil Procedure 37.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE