UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COLETTE CYWES BENTLEY,**

    **Plaintiff,**

v.

**ROBERT CYWES,**

    **Defendant.**

Case No. 2:22-cv-4189
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Defendant Robert Cywes's Motion for Joinder of Marlene Cywes and to Continue Trial Schedule. (ECF No. 109.) Mr. Cywes moves the Court to join Marlene Cywes, "to this action as she is a required party by virtue of being a current and primary income beneficiary of the [Cywes Family Trust], which is the subject of this lawsuit." (*Id.* PageID 4720.) He also moves for a continuance of the trial schedule for an unspecified time. (*Id.* PageID 4724–25.) Plaintiff Colette Cywes Bentley responded in opposition to the Motion. (ECF No. 114.)

For the reasons stated in this Opinion and Order, the Court **DENIES** the Motion for Joinder of Marlene Cywes and **DENIES** the Motion to Continue Trial Schedule. (ECF No. 109.) The case will proceed to trial as scheduled, beginning on October 14, 2025. (*See* ECF No. 96.)

**I. Background**

Ms. Bentley filed a Complaint against her brother, Mr. Cywes, on November 29, 2022, bringing claims in her individual capacity and on behalf of the Cywes Family Trust as Co-Trustee for declaratory judgment, breach of fiduciary trust, and removal of Mr. Cywes as Co-Trustee of the Cywes Family Trust. (ECF No. 1; ECF No. 97, PageID 4298.) The Cywes

Family Trust was formed by the Parties' Father, Sidney Cywes, in Ohio in 1998. (*See* ECF No. 80, PageID 4071.) Sidney named himself, Ms. Bentley, and Mr. Cywes as Trustees. (*Id.*) The Trust requires the Trustee to make any distribution directed by Sidney during his lifetime. (*Id.*) After Sidney's death, which occurred in April 2020, the Trustee has discretion over distributions of income and principal to Marlene Cywes (Sidney's spouse and the Parties' mother), Ms. Bentley, and Mr. Cywes. (*Id.* PageID 4070–71.) After Marlene's death, the remaining income and principal is to be divided into equal shares and distributed to Mr. Cywes and Ms. Bentley, who are the remainder beneficiaries. (*Id.* PageID 4071.)

Ms. Bentley moved for summary judgment on all three of her claims. (ECF No. 55.) The Court granted in part and denied in part her motion for summary judgment. (ECF No. 80.) Ms. Bentley's claims for declaratory judgment and breach of fiduciary duty remain for trial. (*See* No. 97, PageID 4298–99.)

Mr. Cywes raised the affirmative defense of failure to join necessary or indispensable parties in his Answer to Ms. Bentley's Complaint. (ECF No. 7, PageID 117.) On May 5, 2023, Mr. Cywes identified Marlene Cywes as a necessary or indispensable party in his answer to a set of interrogatories from Ms. Bentley. (ECF No. 114-2, PageID 4801.) Plaintiff states that it is undisputed that Marlene resides in South Africa and that she "was declared legally incompetent in 2017 as a result of an Alzheimer's dementia diagnosis and she remains under the guardianship of a court-appointed curator(s) in South Africa." (ECF No. 114, PageID 4781.)

Mr. Cywes filed a Motion for Summary Judgment on all three claims on January 26, 2024. (ECF No. 40.) He did not argue that Marlene Cywes needed to be joined and did not otherwise raise the defense of failure to join necessary or indispensable parties. (*See id.*) The Court denied Mr. Cywes's Motion for Summary Judgment. (ECF No. 79.)

Attached to Ms. Bentley's response in opposition to Mr. Cywes's Motion for Joinder is an email dated September 5, 2023 from her counsel to "Attorney Curr," identified by her counsel as "curator bonis for Marlene Cywes." (ECF No. 114-2, PageID 4798.) In a Declaration also attached to the response in opposition, Ms. Bentley's attorney states that the email was to notify Marlene Cywes's South African legal guardian of the existence of this suit and to invite her to participation in Court-ordered mediation that was scheduled to occur in September 2023. (*Id.* PageID 4795, 4798.)

## II. Mr. Cywes's Motion for Joinder and Ms. Bentley's Response

On September 19, 2025, Mr. Cywes filed a Motion for Joinder of Marlene Cywes and to Continue Trial Schedule. (ECF No. 109.) He argues Marlene is a required party in this action because she is a current income beneficiary of the Cywes Family Trust, which is at the center of this lawsuit. Mr. Cywes further argues that the lawsuit "could result in a reduction of the Trust's corpus and income," affecting Marlene's interests. (*Id.* PageID 4720.)

Ms. Bentley argues Marlene Cywes's joinder is not feasible because the Court lacks personal jurisdiction over her and because Mr. Cywes's Motion fails to address how service would be accomplished on an incompetent person in a foreign country. (ECF No. 114, PageID 4779–81.) She also argues even if joinder was feasible, Marlene is not a necessary party to this action because it relates to disputed transactions that occurred during Sidney's lifetime and whether he authorized those distributions, rather than distributions to income beneficiaries made after his death. (*Id.* PageID 4381–85.) Even if joinder is feasible and Marlene is a necessary party, Ms. Bentley argues the Court should order under Federal Rule of Civil Procedure 19(b) that equity and good conscience require the action to proceed in her absence. (*Id.* PageID 4785–86.)

3

### III. Legal Standard

Federal Rule of Civil Procedure 19 governs the required joinder of necessary parties. Courts in the Sixth Circuit apply a three-part test to determine whether a party must be joined under Rule 19:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable.

*Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43–44 (6th Cir. 2012) (quotations and citations omitted). "The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a)." *Eagle Realty Invs., Inc. v. Dumon*, No. 18-cv-362, 2019 WL 608830, at *2 (S.D. Ohio Feb. 13, 2019) (Black, J.).

The Court's analysis will focus on the first step: whether Marlene Cywes is a necessary party.

> A party is necessary under Rule 19 if either (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed.R.Civ.P. 19(a)(1)(A), or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B).

*Laethem Equip Co.*, 485 F. App'x at 44.

### IV. Analysis

The Court's joinder analysis begins and ends with whether Marlene Cywes is a necessary party under Rule 19(a). Because she is not, the Court denies Mr. Cywes's Motion for Joinder. After discussion on joinder, the Court turns to the Motion to Continue.

4

### A. Motion for Joinder

Ms. Bentley brought this action individually and as Co-Trustee on behalf of the Cywes Family Trust. The Court granted her Motion for Summary Judgment in part and entered declaratory judgment that a 2015 Document did not lawfully amend the Cywes Family Trust and that Mr. Cywes forged Ms. Bentley's signature on a resignation document, meaning the document did not accomplish Ms. Bentley's resignation from the Cywes Family Trust. (ECF No. 80, PageID 4081–82.) Accordingly, the 1998 version of the Cywes Family Trust, which names Ms. Bentley as a Co-Trustee, remains in effect. The Court also granted Ms. Bentley's Motion for Summary Judgment regarding the removal of Mr. Cywes as a Co-Trustee of the Cywes Family Trust and ordered his removal as a Co-Trustee. (*Id.* PageID 4087.) Last, the Court ordered the Parties to confer and name a third-party professional entity to serve as a Co-Trustee with Ms. Bentley. (*Id.* PageID 4088.)

The breach of fiduciary duty issues remaining for trial in this lawsuit relate to contested distributions issued from the Trust to Mr. Cywes during the lifetime of the Parties' father, Sidney. Those distributions were made when Sidney, Ms. Bentley, and Mr. Cywes were all Trustees, but only Sidney had the power to order distributions from the Trust in his discretion. At the time, Marlene, Mr. Cywes, and Ms. Bentley each had a future interest in the Trust as income beneficiaries. After Sidney's death, Ms. Bentley sued Mr. Cywes in her capacity as a beneficiary of the Trust and "as a co-trustee on behalf of all trust beneficiaries." (ECF No. 1, ¶¶ 1, 3, 69–70.) Accordingly, Ms. Bentley sued on behalf of Marlene Cywes who, at present, is an income beneficiary of the Trust.

The Parties do not dispute that Ms. Bentley, in her capacity as a Co-Trustee of the Cywes Family Trust (both at the time of the disputed distributions and when she filed this lawsuit), is a

5

real party in interest in this matter. Indeed, under Federal Rule of Civil Procedure Rule 17(a)(1)(E), a trustee of an express trust may sue in their own name without joining the person for whose benefit the action is brought. Ms. Bentley's ability to bring this lawsuit as a Co-Trustee on behalf of the Trust for the benefit of the Trust and its beneficiaries, including Marlene Cywes, suggests that Marlene is not a necessary party in this action.

Furthermore, because the distributions at issue were made when Marlene, Ms. Bentley, and Mr. Cywes each had only a future income interest in the Trust, Ms. Bentley and Marlene share an equivalent interest in the outcome of the disputed distributions. If Mr. Cywes breached his fiduciary duty as a Co-Trustee by ordering distributions from the Trust without Sidney's approval, the appropriate remedy may be to order the return of those disputed assets to the Trust (as requested by Ms. Bentley). If so, Ms. Bentley and Marlene, as present income beneficiaries (along with Mr. Cywes), would benefit equally. Accordingly, the Court can accord both Ms. Bentley and Marlene complete relief on that claim without joining Marlene as a party.

The same is true on the remaining declaratory judgment issues, which substantially overlap with the breach of fiduciary duty claim. (*See* ECF No. 97, PageID 4301–02.) Ms. Bentley does not request any relief that would exclusively benefit her to the exclusion of Marlene. If the Court enters declaratory judgment that Mr. Cywes lacked the power to cause the disputed distributions and that he has an obligation to return those funds to the Trust, those asserts will return to the Trust for the benefit of all income beneficiaries, including Marlene, Ms. Bentley, and Mr. Cywes. And if the Court orders Mr. Cywes to provide a full accounting of the Trust funds and assets, the accounting will be used by Ms. Bentley and the professional third-party Co-Trustee, in their capacity as Co-Trustees, to manage the Trust in the interest of the three income beneficiaries. Additionally, Mr. Cywes has not demonstrated that Ms. Bentley's future interest as an ultimate remainder beneficiary

after the death of Marlene renders Ms. Bentley unable to represent the interests of Marlene or impedes the Court's ability to bring about complete relief to the parties.

This case is not like those in which some, but not all, income beneficiaries sue for the removal of a trustee and restoration of trust assets, among other relief. *See, e.g.*, *Joseph v. Teitelbaum*, No. 1:10-cv-00931, 2010 WL 11565404, at *3 (N.D. Ohio May 24, 2010) (holding that an absent income beneficiary party was a necessary party where the three other income beneficiaries were plaintiffs suing a trustee for a judgment in the plaintiffs' names alone, to the exclusion of the absent beneficiary). Unlike in those cases, Ms. Bentley is not suing alone in her capacity as a beneficiary to the exclusion of other beneficiaries; she is suing in her capacity as a co-trustee, on behalf of all income beneficiaries, including Marlene. Under Rule 17, Ms. Bentley can sue as a Trustee on behalf of Trust beneficiaries without requiring joinder of the beneficiaries, and Ms. Bentley does not request any relief that would cause distributions from the Trust to her to the detriment of Marlene.

Furthermore, this case is not like those where the requested relief involves termination of the trust or a declaration that the trust itself is invalid, which could threaten the interests of current or future beneficiaries. *See, e.g.*, *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1151 (7th Cir. 1979) (requiring joinder of remainder beneficiaries because "[a] judgment in favor of termination would not only impair [the beneficiaries'] ability to protect [their future] interest, but might actually operate to terminate their interest"). There is no such risk here. Ms. Bentley's remaining claims and requested relief do not contemplate a termination or alteration of the Trust in any way that threatens Marlene's current interest as an income beneficiary.

The Court finds that Marlene Cywes is not a necessary party under Federal Rule of Civil Procedure 19(a) for the purposes of Ms. Bentley's remaining claims. Accordingly, joinder of

Marlene Cywes is not required. The Court **DENIES** Mr. Cywes's Motion for Joinder.

### B. Motion to Continue

Mr. Cywes moves the Court for a continuance of the trial schedule for an unspecified time. (ECF No. 109.) Mr. Cywes argues the Court should delay the imminent trial because of the need to join Marlene Cywes, because he has not previously moved to continue the trial schedule, and because he recently retained new counsel. (*Id.* PageID 4724.)

As stated above, the Court denies Mr. Cywes's Motion for Joinder, so there is no need to accommodate joinder of a new party. It is true that Mr. Cywes has not previously moved for a continuance of the trial schedule (other than in a *pro se* motion after his counsel moved to withdraw) and that his new counsel entered their appearances approximately one month before trial. But this case started almost three years ago, and the original trial date was August 5, 2024. (ECF Nos. 1, 14.) The current trial date of October 14, 2025 has been set since December 16, 2024—more than nine months ago. (ECF Nos. 85, 96.) Mr. Cywes's new counsel agreed to represent him with the current trial schedule and disposition available for them to review on the public docket.

The Court recognizes the importance of Mr. Cywes proceeding in this case with his preferred trial counsel, as the Court did when granting his previous counsel's Motion to Withdraw. But his new counsel's time to prepare must be balanced against the ripe age of this case and Ms. Bentley's Seventh Amendment right to a jury trial. Mr. Cywes's new counsel has not identified any specific barriers to their ability to prepare for trial that would require further delay.

Accordingly, the Court **DENIES** Mr. Cywes's Motion to Continue.

### V. Conclusion

For the reasons stated in this Opinion and Order, the Court **DENIES** Defendant Robert

8

Cywes's Motion for Joinder of Marlene Cywes and to Continue Trial Schedule. (ECF No. 109.)

The trial in this matter will proceed as scheduled on October 14, 2025. (ECF No. 96.)

This case remains open.

**IT IS SO ORDERED.**

**9/24/2025**                                                                 **s/Edmund A. Sargus, Jr.**
**DATE**                                                                         **EDMUND A. SARGUS, JR.**
                                                                                  **UNITED STATES DISTRICT JUDGE**