UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COLETTE CYWES BENTLEY,**

    **Plaintiff,**

    v.

**ROBERT CYWES,**

    **Defendant.**

Case No. 2:22-cv-4189
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on Defendant Robert Cywes's Motion in Limine to Exclude Evidence of Other Distributions Unrelated Transactions and Unrelated Litigation (ECF No. 124) and Motion in Limine to Exclude Evidence of Time-Barred Claims (ECF No. 125). The first Motion is based on Federal Rules of Evidence 401, 402, and 403. The second Motion is based on applicable statutes of limitation for breach of fiduciary duty claims under Ohio law.

For the reasons stated in this Opinion and Order, the Court **GRANTS in part and DENIES in Part** Mr. Cywes's Motion to Exclude Evidence regarding Evidence Rules 401, 402, and 403 (ECF No. 124) and **DENIES** Mr. Cywes's Motion to Exclude Evidence of Time-Barred Claims (ECF No 125).

**I. Background**

    **A. Ms. Bentley's Breach of Fiduciary Duty Claim**

In Count II of her Complaint, Ms. Bentley claims that Mr. Cywes breached his fiduciary duties as a co-trustee of the Cywes Family Trust. (ECF No. 1, ¶¶ 68–78.) She alleges that "from 2013 to 2019, Defendant repeatedly [and] unilaterally instructed UBS to distribute tens of thousands of dollars in cash from the Trust's account to Defendant's personal bank account," that

Ms. Bentley was not advised of these distributions despite her status as a co-trustee, and that the Grantor, Sidney Cywes, did not approve the distributions as required under the terms of the Trust. (*Id.* ¶ 50.) Ms. Bentley also alleges Mr. Cywes improperly caused a $93,034 distribution from the Trust to the personal account of his then-fiancée, Janae Nuspl (now, Janae Cywes). (*Id.* ¶ 51.) Ms. Bentley alleges she learned of the distribution to Janae in 2022. (*Id.* ¶ 54.) She brings her breach of fiduciary duty claim both as a beneficiary of the Trust and as a co-trustee. (*Id.* ¶¶ 69–70.)

Ms. Bentley moved for partial summary judgment on her breach of fiduciary duty claim as to five distributions from the Trust's UBS account to Mr. Cywes:

August 3, 2012 - $30,000

September 20, 2016 - $15,000

October 26, 2016 - $15,000

November 9, 2016 - $22,100

December 21, 2016 - $11,000

Total: $93,100

(ECF No. 55, PageID 2542, 2550–52.) She moved for partial summary judgment as to these transactions, arguing that "potent evidence establishes conclusively that certain of Robert's actions breached his fiduciary duties," and that "the evidence creates genuine issues of fact about the entire extent to which Robert breached his fiduciary duties, and the damage he caused." (*Id.* PageID 2572.)

Ms. Bentley also claimed that Mr. Cywes caused the Trust to purchase a condominium for his personal use with $164,215 in Trust funds after he "fraudulently procured and forged" a 2015 Trust Document purporting to amend the Trust. (*Id.* PageID 2549.) She alleges that Mr. Cywes "represented in his divorce proceedings [from his then-wife, Irene Cywes] that he owed the Trust

2

rent but could not afford to pay it." (*Id.*) Mr. Cywes then sold the condominium in 2019 and deposited the $181,472.60 proceeds from the sale into a "Fidelity Trust Account" owned by the Cywes Family Trust, listing Janae Cywes as a sole Trustee. (*Id.* PageID 2557–58.) As part of the 2019 condominium sale, Mr. Cywes represented to the title company that Ms. Bentley had resigned as co-trustee and provided a Resignation Document purportedly signed by Ms. Bentley in December 2016. (*Id.* PageID 2555.)

### B. Procedural History

The Court granted in part and denied in part Ms. Bentley's Motion for Summary Judgment on her claim that Mr. Cywes breached his fiduciary duty as co-trustee of the Cywes Family Trust. (ECF No. 80, PageID 4085–86.) The Court granted summary judgment that Mr. Cywes "breached his fiduciary duty when he forged Colette's signature on the 2015 [Trust] Document, when he forged the Resignation Document, and when he allowed the condo sale proceeds to be deposited in the Fidelity trust account." (*Id.*) The Court denied summary judgment regarding the five distributions from the Trust to Mr. Cywes that Ms. Bentley identified in her Motion, holding that genuine issues of material fact remained as to whether the Parties' Father, Sidney Cywes, directed those distributions. (*Id.* PageID 4084.) The Court also held that a genuine issue of material fact remains regarding whether Mr. Cywes could benefit from a laches defense as to the disputed transactions because the defense may be barred if he has unclean hands. (*Id.*)

On September 8, 2025, about one month before the scheduled trial, Mr. Cywes's counsel moved to withdraw. (ECF No. 93.) On September 9, 2025, the Court issued an Order providing notice to the Parties regarding matters remaining for trial and expected trial procedures on punitive damages and declaratory judgment. (ECF No. 97.) The Court summarized its Opinions and Orders regarding Mr. Cywes's and Ms. Bentley's Motions for Summary Judgment. (*See id.*) After

3

substitute counsel for Mr. Cywes entered their appearances (ECF No. 108), the Court granted Mr. Cywes's Motion to Withdraw regarding his prior counsel (ECF No. 110).

On September 26, 2025, Mr. Cywes filed a Motion in Limine to Exclude Evidence of Other Distributions Unrelated Transactions and Unrelated Litigation (ECF No. 124) and a Motion in Limine to Exclude Evidence of Time-Barred Claims (ECF No. 125). Ms. Bentley filed responses in opposition to the first Motion to Exclude (ECF No. 130) and to the second Motion to Exclude (ECF No. 131).

## II. Legal Standard

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-cv-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* (citation omitted). If the movant fails to meet that high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-cv-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

### III. Analysis

The Court first addresses Mr. Cywes's motion to exclude evidence of other transactions made from the UBS Trust account other than the five transactions on which Ms. Bentley moved for summary judgment under her breach of fiduciary duty claim. The Court then addresses evidence regarding other litigation.

#### A. Evidence of Additional Trust Distributions and Transactions

Mr. Cywes contends that the Court limited the scope of Ms. Bentley's breach of fiduciary claim in the Court's September 9, 2025 Order by summarizing the Court's prior Opinion and Order regarding the Parties' Motions for Summary Judgment. (ECF No. 124, PageID 5398.) The Court did not limit the scope of Ms. Bentley's breach of fiduciary duty claim. Rather, the September 9 Order summarized the status of this case and provided notice to the Parties regarding expected trial procedures, including the proper trier of fact for Ms. Bentley's declaratory judgment claims and the expected bifurcation of the trial on the punitive damages question. (*See* ECF No. 97.)

In her Complaint, Ms. Bentley claims Mr. Cywes caused improper distributions from the Trust between 2013 and 2019, constituting a breach of his fiduciary duties as a co-trustee. As the course of discovery progressed, Ms. Bentley seemingly obtained documentary evidence to support her claim and filed much of that evidence in support of her Motion for Summary Judgment regarding her breach claim. Based on the Parties' proposed jury instructions, it appears Ms. Bentley may ultimately contest at least eight distributions made from the Trust's UBS account

5

between 2012 and 2019 as part of her breach claim. (*See* ECF No. 127, PageID 5644.)

Although not stated in such terms, Mr. Cywes appears to argue that Ms. Bentley waived her ability to raise certain disputed transactions as part of her breach of fiduciary duty claim other than those listed in her Motion for Summary Judgment, which was only partial as to the breach count. This misunderstands the role of summary judgment and trial in civil proceedings. Upon a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuine disputed must support the assert by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). In reviewing the Motion and briefs of the Parties, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The full context of Rule 56 raises an inference that the record of a case is larger than what the Parties refer to in motions for summary judgment and responsive briefing. Ms. Bentley seeks to prove her claim that Mr. Cywes breached his fiduciary duties to the Cywes Family Trust in part by demonstrating that Mr. Cywes caused distributions from the Trust that were not authorized by the Grantor, as required by the active and enforceable terms of the Trust at the time. She has claimed as much from the start. (*See* ECF No. 1, ¶¶ 50–54.) Mr. Cywes has been on fair notice since he was served Ms. Bentley's Complaint that Ms. Bentley asserts a claim against him on such grounds. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

Furthermore, Mr. Cywes does not contend that Ms. Bentley plans to introduce evidence at

6

trial in support of her breach of fiduciary duty claim that would constitute an unfair surprise. Rather, he argues that any evidence outside of the five identified transactions is excludible because it is not relevant and would be substantially more prejudicial than probative, citing Evidence Rules 401, 402, and 403. (ECF No. 124, PageID 5400–02.) But Mr. Cywes's relevance and unfair prejudice arguments are primarily based on his argument that the five distributions identified above are the only transactions that Ms. Bentley may use to prove Mr. Cywes's breach of fiduciary duty. The Court declines to issue a blanket prohibition on all evidence of transactions other than those five transactions on relevance and prejudice grounds because Ms. Bentley's breach argument, as stated in her Complaint, expands beyond those five transactions. Mr. Cywes may raise relevance and prejudice arguments regarding other transaction evidence at trial as needed.

Mr. Cywes's Motion in Limine is **DENIED** as to limiting the scope of the breach of fiduciary duty claim.

### B. Evidence Regarding Transactions Not Involving Trust

Ms. Bentley intends to introduce evidence that Mr. Cywes forged his father's signature in public filings related to businesses owned by Mr. Cywes and Janae Cywes in 2021 after his father's death in 2020. (*See* ECF No. 130, PageID 5660.) The articles of organization for the business listed Sidney (the Parties' father) as a key officer in the business and included his signature, which Ms. Bentley claims was forged by Mr. Cywes. (*Id.*) She claims Mr. Cywes forged Sidney's signature on another similar record. (*Id.*) Ms. Bentley argues the evidence "is relevant to establishing Robert's course of conduct consistent with fraud and undue influence regarding Sidney, and his habitual and improper use of his father's name and signature," and is also relevant to proving punitive damages. (*Id.* PageID 5660–61.)

Ms. Bentley also seeks to introduce evidence that Mr. Cywes quitclaimed his $1.8 million

7

residence to Janae Cywes during the pendency of this case because it is relevant to Mr. Cywes and Janae's "financial knowledge and sophistication" and to counter their statements that they live separate financial lives and are unsophisticated. (*Id.* PageID 5661–62.)

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019)

Yet another rule of evidence not cited by the Parties is more to the point here. The evidence that Mr. Cywes forged the signature of his father, Sidney, in 2021, after Sidney's death, is admissible as other acts evidence under Evidence Rule 404(B). Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Evid R. 404(b)(1). But such evidence may be admissible for other purposes, including motive and intent, "as well as common scheme, plan, or modus operandi." *United States v. Higgins*, 526 F. Supp. 3d 311, 321 (S.D. Ohio 2021) (Rose, J.) (citing *United States v. Yu Qin*, 688 F.3d 257, 262–63 (6th Cir. 2012).

The Court finds that sufficient evidence exists that the prior acts occurred because the cited documents show that Sidney's signature withdrawing as an officer of Janae Cywes's company was dated October 2021, more than one year after he died. (*See*, e.g., ECF No. 53-2, PageID 1813.) Sidney was listed as CFO of the company effective March 1, 2021, about one year after he died.

8

(*Id.* PageID 1809.) The Court finds that this evidence is admissible as part of Mr. Cywes's common scheme or plan to forge his father's signature or to misrepresent his approval of actions that Sidney did not actually approve.

The evidence is also admissible under Evidence Rule 403 because the probative value of the signature evidence in determining whether Mr. Cywes caused prior distributions without his father's approval is not substantially outweighed by the risk of unfair prejudice that it will be used as propensity evidence. The jury can properly weigh the evidence as to Mr. Cywes's alleged forgery of his father's signature to determine whether it was part of his broader plan to commit forgeries of his family's signatures and actions to advance his own interests in breach of his fiduciary duties. Mr. Cywes may be entitled to a limiting instruction regarding this other acts evidence.

Additionally, the evidence of Mr. Cywes's alleged forgeries of his father's signature are *res gestae* evidence, or background evidence, that is admissible "in limited circumstances when the evidence includes conduct that is inextricably intertwined with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (quotation omitted) (explaining, in a criminal context, that *res gestae* evidence includes evidence that "is directly probative of the changed offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense"). Evidence of Mr. Cywes's forgeries is part of the same course of conduct and is inextricably intertwined with his broader scheme of forging his family's signatures on documents to take control of the family's Trust and finances and is admissible.

Mr. Cywes's Motion in Limine is **DENIED** as to evidence of additional forged signatures.

Regarding the $1.8 million quitclaim deed transfer to Janae Cywes, the Court finds that the

evidence is too remote to the crux of this case. The evidence carries a risk of unfair prejudice regarding Mr. Cywes's wealth and relationship with his spouse that substantially outweighs its probative value. Ms. Bentley has not adequately explained how the evidence of Mr. Cywes and Janae Cywes's financial sophistication and wealth would be used trial for a probative purpose regarding Mr. Cywes's alleged breach of fiduciary duty. The evidence is therefore excluded under Evidence Rule 403.

Mr. Cywes's Motion in Limine is **GRANTED** as to the quitclaim deed transfer.

### C. Evidence of Other Litigation

In her Proposed Trial Exhibit List, Ms. Bentley identified several items of documentary evidence relating to other lawsuits involving Mr. Cywes. (*See* ECF No. 106.) Mr. Cywes moves to exclude any evidence of other lawsuits outside of the 2012 to 2016 timeframe during which the five disputed transactions listed above occurred. (ECF No. 124, PageID 5403.) He contends that evidence of lawsuits outside of this timeframe are not relevant to the question of breach and are highly prejudicial because the jury would be left to speculate about every aspect of the unrelated cases. (*Id.* PageID 5404.) Mr. Cywes asks the Court to exclude the following non-exhaustive list of evidence from at least three lawsuits:

- Docket and Complaint, *Robert Cywes M.D. v. The Nemours Foundation d/b/a Nemours Children's Clinic*, No. 16-2005-CA-3779 (4th Cir. Ct. Fla.);

- Docket and Complaint, *Michael Baptista, M.D. v. Robert Cywes, M.D. and Jacksonville Surgical Associates, P.A.*, No. 16-2009-CA-19982 (4th Cir. Ct. Fla.);

- Docket, Complaint, Final Judgment, Motion to Dissolve Writ of Garnishment and Writ of Exemption, and Non-Party's Motion to Quash Subpoena Duces Tecum for Deposition and Production of Documents and Affidavit of Janae Cywes, *Valley National Bank v. Jacksonville Surgical Associates, P.A., et al.*, No. 50-2018-CA-7403 (15th Cir. Ct. Fla.).

(*Id.* PageID 5403.)

10

Ms. Bentley argues evidence of lawsuits brought by Mr. Cywes in 2005 and 2009 are relevant to demonstrating Mr. Cywes's "career troubles and severe financial problems" that "created his need and motive to start draining funds from the Trust beginning in 2012." (ECF No. 130, PageID 5662.) Ms. Bentley also intends to use evidence of Florida lawsuits Mr. Cywes brought to impeach Mr. Cywes as to his deposition testimony where he denied the existence of certain lawsuits. (*Id.* PageID 5663–64.)

The Court finds that the evidence as to the other court cases involving Mr. Cywes cited by Mr. Cywes in his Motion to Exclude is not admissible. Introduction of evidence from other litigation, without some more direct nexus to the alleged breaches of fiduciary duty as to the Cywes Family Trust, invites a trial-within-a-trial that would be impracticable. Additionally, the connection between the other lawsuits and Mr. Cywes's motive or malice for punitive damages is unestablished. The other lawsuits provide minimal probative value in this case, and that small value is substantially outweighed by the risk of unfair prejudice that may result from exposing the jury to the other lawsuits. Accordingly, the evidence is not admissible per Evidence Rule 403.

Additionally, the extrinsic evidence of other lawsuits may not be admitted solely to impeach Mr. Cywes on collateral matters. *See United States v. Quinn*, 230 F.3d 862, 867 (6th Cir. 2000) ("[E]xtrinsic evidence used to impeach a witness on an irrelevant collateral matter" is inadmissible.) (citing *United States v. Markarian*, 967 F.2d 1098, 1102 (6th Cir. 1992)). Under Federal Rule of Evidence 608(b),

> extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness.

Fed. R. Evid. 608(b)(1). Mr. Cywes's conduct in other lawsuits is extrinsic evidence of his credibility and thus evidence of contradiction in that context is inadmissible. *See Markarian*, 967

F.2d at 1102.

Mr. Cywes's Motion in Limine is **GRANTED** as to evidence of other lawsuits.

### D. Statutes of Limitation

Mr. Cywes moves to exclude evidence of any transaction forming the basis of Ms. Bentley's breach of fiduciary duty claim that occurred outside of the four-year statutes of limitation for claims brought by a beneficiary, under Ohio Revised Code § 5810.05, and claims brought by a co-trustee, under Ohio Revised Code § 2305.09(D). He argues the Court should exclude evidence of any allegedly improper transaction that occurred before November 29, 2018, four years before Ms. Bentley filed her Complaint. (ECF No. 125, PageID 5407.) Ms. Bentley argues that the statute of limitations under § 2305.09(D) does not apply to Ms. Bentley and that the Court should instead solely apply the statute of limitations under § 5810.05 because Ms. Bentley brings her claim as a beneficiary and as a co-trustee on behalf of Trust beneficiaries and thus steps into the beneficiaries' shoes in that capacity. (ECF No. 131, PageID 5671–72.)

Ms. Bentley brings her breach of fiduciary duty claim both based on her status as a beneficiary of the Trust and as a co-trustee. The Court examines both applicable statutes of limitation to determine if the evidence of Mr. Cywes's allegedly improper transactions is time-barred as a matter of law as to her claim of breach of fiduciary duty.

### i. The statute of limitations for beneficiary claims under Ohio Revised Code § 5810.05(C) applies to Ms. Bentley's breach of fiduciary duty claim.

Under Ohio Revised Code § 5810.05(C),

If division (A) of this section does not apply, notwithstanding section 2305.09 of the Revised Code, a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within four years after the first of the following to occur:

(1) The removal, resignation, or death of the trustee;

12

>  (2) The termination of the beneficiary's interest in the trust;
>
>  (3) The termination of the trust;
>
>  (4) The time at which the beneficiary knew or should have known of the breach of trust.

Ohio Rev. Code § 5810.05(C). Section 5810.05(A) does not apply because it relates to the time by which a beneficiary must bring a lawsuit after receiving a disclosure report that did not occur here.

Ohio's four-year statute of limitation for tort claims under § 2305.09 applies generally to claims for breach of fiduciary duty. Ohio Rev. Code § 2305.09. Generally, under Ohio law, tort claims for breach of fiduciary duty are subject to a four-year statute of limitations, starting when the act or omission constituting breach actually occurs, with no common law discovery rule. *See Clemens v. Nelson Fin. Grp., Inc.*, 2015 WL 1432604, at *10 (10th Dist. Ohio Ct. App. Mar. 31, 2025). But breach of fiduciary duty claims based on fraud are subject to the statute's more forgiving standard for fraud-based claims: if the action is for fraud, the cause of action shall not accrue "until the fraud is discovered." Ohio Rev. Code § 2305.09; *see Cundall v. U.S. Bank*, 909 N.E.2d 1244, 1249 (Ohio 2009) ("Claims for fraud and breach of fiduciary duty based on fraud are governed by the four-year statute of limitations set forth in R.C. 2305.09, unless the claim is not discovered despite reasonable diligence.").

The Court concludes that the statute of limitation for breach of fiduciary duty claims brought by beneficiaries or on behalf of beneficiaries applies to the claims brought by Ms. Bentley in her capacity as a beneficiary. The statute expressly states that it applies "notwithstanding section 2305.09 of the Revised Code." Ohio Rev. Code § 5810.05(C). Ms. Bentley properly brings her claims as a beneficiary because at the time of the allegedly improper distributions, Ms. Bentley was a contingent future beneficiary, with her interests contingent upon the death of Sidney Cywes.

13

To the extent Ms. Bentley sues in her capacity as a co-trustee of the Cywes Family Trust on behalf of all beneficiaries, the general four-year statute of limitations for torts applies.

The Court next assesses whether Ms. Bentley's claim as a beneficiary is barred under the statute of limitation for beneficiary claims. The Court then addresses the statute of limitations regarding her trustee-capacity claim.

### ii. Application of Statute of Limitations Under Ohio Revised Code § 5810.05(C).

The relevant piece of the statute of limitations for breach of fiduciary duty claims brought by beneficiaries provides that such claims must be raised within four years after "[t]he time at which the beneficiary knew or should have known of the breach of trust." Ohio Rev. Code § 5810.05(C)(4).

Mr. Cywes contends that Ms. Bentley had actual or constructive notice of the disputed transactions from the Trust at the time of each transaction. (ECF No. 125, PageID 5411.) Ms. Bentley argues that she had no knowledge of those transactions and should not have known about them because Mr. Cywes presented an ineffective Trust amendment document to the bank holding Trust funds in 2015 and presented a fraudulent resignation document to the title company regarding the condominium sale in 2019. She also argues that Mr. Cywes misrepresented the evidence that UBS provided her notice of the contested transactions, citing exhibits to be used at trial. (ECF No. 131, PageID 5668–69.)

The Court finds that whether Ms. Bentley knew or should have known about the contested transactions outside of the four-year statute of limitations period (*i.e.*, before November 29, 2018) is a question of fact that should be answered by the jury. The Court has already determined that the 1998 Trust document was never effectively amended, meaning Ms. Bentley was still a co-trustee at the time of the disputed transactions, and she remains a co-trustee. (*See* ECF No. 80,

PageID 4081–82.) As such, she had certain responsibilities to oversee the Trust. But Ms. Bentley presents evidence that she was not notified about the transactions ordered by Mr. Cywes because he misrepresented evidence in the record and represented to third parties that she was no longer a trustee, including by forging her signature on the 2015 Trust Document and the 2019 Resignation Document. (*See* ECF No. 131, PageID 5668–69.) His efforts may have resulted in a lack of notice of the transactions to Ms. Bentley, but Mr. Cywes argues he still can prove actual or constructive notice. This dispute of fact is best resolved by the jury.

### iii. General Tort Statute of Limitations – Claims Based on Fraud

Regarding the four-year statute of limitation for general tort claims under Ohio law, which applies to Ms. Bentley's claim for breach of fiduciary duty as a co-trustee, questions of fact remain regarding whether Ms. Bentley would have discovered the allegedly improper distributions with reasonable due diligence and thus whether the claim is barred by the statute.

In the Complaint, Ms. Bentley pled her breach of fiduciary duty claim based on Mr. Cywes's allegedly fraudulent acts. For example, she alleges that Mr. Cywes breached his fiduciary duties by "creating a fraudulent resignation of his sister as co-trustee, forging her name on the document, using the document to accomplish the improper and unauthorized sale of trust property, and distributing to himself or his spouse the Trust's proceeds from the unauthorized sale." (ECF No. 1, ¶ 75.) She also alleges that the Mr. Cywes's acts of forging her signature on the 2015 Document and the 2019 Resignation Document (which was forged in its entirety) were fraudulent acts. (*Id.* PageID 4–7; 9; 17–18.) Ms. Bentley further alleges that she only discovered Mr. Cywes's fraudulent acts and distributions that she did not approve or know about after Sidney Cywes died in April 2020. (*Id.* ¶¶ 55–57.) That was when she received a copy of the 2015 Trust Document from UBS, purporting to restate the Trust and bearing her forged signature. (*Id.* ¶ 58.) Through

15

these and other exchanges, she alleged from the start of this lawsuit that Mr. Cywes's breach of fiduciary duty was based on his fraudulent acts. The Court found no genuine issue of material fact that Mr. Cywes forged her signature on the 2015 Trust Document and entirely forged the 2019 Resignation Document.

Thus, to the extent Ms. Bentley's breach of fiduciary duty claim is based on Mr. Cywes's fraudulent acts, the claim is not automatically barred by the four-year statute of limitations. Rather, the cause of action for breach of fiduciary duty based on fraud begins to accrue "either when the fraud is discovered, or [when] in the exercise of reasonable diligence, the fraud should have been discovered." *Cundall*, 909 N.E. 2d at 1250. "When determining whether the exercise of reasonable diligence should have discovered a case of fraud, the relevant inquiry is whether the facts known would lead a fair and prudent [person], using ordinary care and thoughtfulness, to make further inquiry." *Id.* (quotations and citations omitted).

The Court finds that Ms. Bentley's breach of fiduciary duty claim as a co-trustee on behalf of the beneficiaries is based on Mr. Cywes's fraudulent acts, including the allegation that Mr. Cywes caused distributions from the Trust's UBS account that were not authorized by Sidney Cywes. There is a substantial nexus between Ms. Bentley's allegation that Mr. Cywes caused or directed the improper distributions and Mr. Cywes's efforts to unlawfully amend the Trust in 2015 and to forge Ms. Bentley's resignation on a document in 2019 (in which he claimed that Ms. Bentley had resigned in 2016). In short, she may not have known about the distributions, and would have no reason to suspect they occurred, because Mr. Cywes concealed the transactions from her through his fraudulent acts.

The standard for the accrual of a cause of action for breach of fiduciary duty based on fraud, as brought by a co-trustee, differs slightly from the statute of limitation standards regarding

16

breach claims brought by beneficiaries, as explained above. The latter asks whether Ms. Bentley knew or should have known about the transactions, while the former asks whether she would have discovered them by reasonable due diligence. Issues of fact remain for the jury to resolve under both standards, and the jury will be appropriately instructed to make findings of fact regarding each appropriate standard.

Mr. Cywes's Motion in Limine regarding the applicable statutes of limitation is **DENIED**.

IV. Conclusion

For the reasons stated in this Opinion and Order, the Court **GRANTS in part and DENIES in Part** Mr. Cywes's Motion to Exclude Evidence regarding Evidence Rules 401, 402, and 403 (ECF No. 124) and **DENIES** Mr. Cywes's Motion to Exclude Evidence of Time-Barred Claims (ECF No 125).

This case remains open.

**IT IS SO ORDERED.**

**10/6/2025**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                                         **UNITED STATES DISTRICT JUDGE**